## Mary Jane Mange *vs.* Thomas C. Holmes.

If in the trial of a complaint under the bastardy act the complainant has testified, in reply to a question put in cross-examination, that her mother told her before her confinement that she must tell the doctor in the time of her travail that the defendant was the father of her child, and it is thereupon insisted by the defendant that the mother instigated her falsely to prefer this charge against him, she may introduce evidence to show that prior to that time she had informed her mother that he was the father of the child.

Complaint under the bastardy act.

At the trial in the superior court, before *Vose,* J., the physician testified to the complainant's declaration in the time of her

travail, and the complainant testified that the defendant was the father of the child; and, in cross-examination, she stated that her mother told her that she would have to tell the doctor that the defendant was the father of the child. For the purpose of showing that the mother had not first suggested to the complainant that she was thus to accuse the defendant, the mother was allowed, against the objection of the defendant, to testify that the complainant had previously informed her that the defendant was the father of the child.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*B. W. Harris,* for the defendant. A party cannot be allowed to prove his own declarations in support of his case. *Hunt* v. *Roylance,* 11 Cush. 122. *Jacobs* v. *Whitcomb,* 10 Cush. 256. There are especial reasons why the privilege of the complainant, in cases like the present, should not be extended beyond what the statute allows. Gen. Sts. *c.* 72, § 8. *Eddy* v. *Gray,* 4 Allen, 438. *Maxwell* v. *Hardy,* 8 Pick. 560. *M'Managil* v. *Ross,* 20 Pick. 99. *Bacon* v. *Harrington,* 5 Pick. 63. *Commonwealth* v. *Cole,* 5 Mass. 519. *Drowne* v. *Stimpson,* 2 Mass. 441. The testimony of the complainant on cross-examination tended to sustain the theory of the defence, which was, that the mother had procured the complainant to accuse the defendant unjustly. She was allowed to contradict or control her own testimony.

*C. G. Davis,* for the complainant.

MERRICK, J. If the testimony of the mother of the complainant, to the admissibility of which the defendant objected, had been produced to establish any allegation in the complaint, or to corroborate her statements in any particular as a witness upon the trial, it would certainly have been incompetent, and the objection should have prevailed; for it is a reasonable as well as a familiar rule of evidence that a party cannot be allowed to prove his own declaration in support of his own case. But this was not the purpose for which it was offered. In answer to a question proposed to her on cross-examination, the complainant testified that her mother told her that she would have to tell the doctor, in the time of her travail, that the

defendant was the father of her child. It was thereupon insisted in his behalf that this testimony tended to prove that, before she herself had made any such charge, or any such statement in respect to the paternity of her child, she had been instigated by her mother to prefer this charge falsely against him. This was in consonance with the theory of the defence ; and, the defendant's counsel having expressed an intention to avail himself of this testimony to establish that defence, as he fully admitted at the argument upon the bill of exceptions, it became at once a material question of fact whether, prior to the time when she was instructed what she ought to say in the presence of the attending physician, she had informed her mother that the defendant was the father of the child with which she was pregnant. This could only be made certain by showing exactly what she had said to her mother on that subject. Her statement, therefore, if she made any, was in itself a fact; and its occurrence might be proved by any competent evidence. For upon this question the inquiry was not whether her accusation was true, but whether the advice and instruction which the mother gave to her daughter was in consequence of information previously received from her. Her statement on this subject, if proved, had no tendency, and could not be used, to confirm or corroborate her testimony, but simply to show that a communication of a particular character had in fact been made to her mother. The testimony objected to was offered, and was allowed to be received, for this purpose only ; and for this it was competent. The exceptions therefore must be overruled.